**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

NOTORIAN QUEYARN JONES

    Plaintiff,

vs.

TRANSX LTD AND JASPRETT
SINGH

    Defendants.

Civil Action No.4:26-CV-038

**<u>AFFIDAVIT OF PIERRE IFILL IN SUPPORT OF
MOTION FOR RECUSAL</u>**

STATE OF GEORGIA

COUNTY OF HENRY

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, PIERRE IFILL, who, after being duly sworn, deposes and states as follows:

1. I am an attorney duly licensed to practice law in the State of Georgia and am admitted to practice before the United States District Court for the Southern District of Georgia. I am counsel of record for Plaintiff Notorian Queyarn Jones in the above-captioned matter. I make this affidavit of my own personal

knowledge and in support of Plaintiff's Motion for Recusal of the Honorable R. Stan Baker.

2. I previously appeared before Chief Judge R. Stan Baker as defense counsel and as a forfeiture respondent in a separate criminal and forfeiture proceeding, *United States v. Kinchen, et al.*, Case No. 4:22-cr-114 (S.D. Ga.), and related civil forfeiture matter(s), *United States v. 2734 Peachtree Rd NW #C202, Atlanta, GA 3030.,* Case No. 4:22-cv-64 (collectively "Kinchen" matters).

3. On or about July 24, 2024, Chief Judge Baker sent a letter to the General Counsel of the State Bar of Georgia pursuant to Canon 3(B)(6) of the Code of Conduct for United States Judges concerning my professional conduct in the *Kinchen* matter.

4. Before sending that Bar-referral letter, Judge Baker convened a show-cause/evidentiary hearing on June 21, 2024, that lasted more than two hours, even though the United States and I had already negotiated and executed a written Stipulated Disgorgement Agreement resolving the disposition of the Peachtree condominium sale proceeds.

5. At that hearing, the Government did not present live witnesses and relied primarily on financial records and argument already in the case, while the Court, through my counsel, questioned my business practices, trust-account

handling, use of law-firm funds, and fee arrangements beyond what was necessary to approve the stipulated agreement.

6. In the July 24, 2024 letter, Judge Baker expressly acknowledged that he had **not** formally found that I committed any wrongdoing, but nevertheless set out a lengthy and critical analysis of my handling of client and third-party funds, fee practices, trust-account practices, and potential violations of multiple Georgia Rules of Professional Conduct, based in substantial part on my firm's financial records and the June 21, 2024 hearing.

7. Neither my former client, Mr. Kinchen, nor the United States ever filed a grievance with the State Bar of Georgia or otherwise initiated disciplinary proceedings against me arising from these events. To my knowledge, the only referral to the Bar concerning my conduct in the *Kinchen* matter was made by Chief Judge Baker himself.

8. That July 24, 2024, letter was copied to multiple lawyers and parties involved in the Kinchen-related proceedings, including counsel for the United States, Mr. Kinchen, Ms. Somesso, Ms. Wilson, and Colony Bank, none of whom were acting as disciplinary authorities.

9. By contrast, as I understand those proceedings, two related ancillary forfeiture matters involving institutional parties (including Colony Bank and purchaser Twyla Wilson) were handled under seal or with materially greater

confidentiality than the Ifill-focused show-cause, disgorgement, and referral materials, which were not sealed and remained publicly accessible.

10. In a footnote to the July 24, 2024, letter, Judge Baker stated that the Court retained jurisdiction over a disgorgement agreement between the United States and me but that he was recusing himself from the Kinchen case "to avoid any appearance of impropriety."

11. On June 5, 2025, my Bar counsel, attorney Shawn McCullers, sent an email to State Bar counsel responding to Judge Baker's letter, describing it as an "unusually personal" "50- page complaint," objecting to what he viewed as "personal attacks on our character by sitting Judiciary," and expressing his belief that the June 21, 2024 hearing had been conducted "to try to find justification to file this 50 page complaint to the bar."

12. I am a Black attorney, and my Bar counsel and I perceive the extended post-agreement hearing, the breadth and tone of the July 24, 2024 referral, its dissemination to third-party lawyers and parties, and the public, unsealed handling of my matter, as compared to the more confidential treatment of closely related institutional forfeiture cases, as unusually harsh and adverse.

13. Based on these circumstances, I believe that Judge Baker has formed a strongly negative, extra-judicial view of my integrity, professional fitness, and

credibility that goes beyond ordinary judicial impressions formed in the course of case management or rulings.

14. I further believe that these prior extra-judicial actions and conclusions would cause a reasonable, fully informed observer to question Judge Baker's impartiality toward me in any case where I appear as counsel.

15. Because my credibility and advocacy will be central to the presentation of Plaintiff Jones's case, I am concerned that Judge Baker's prior disciplinary referral and related conduct will influence, or appear to influence, his evaluation of my arguments and the evidence I present on Plaintiff's behalf.

16. For these reasons, I do not believe that Chief Judge Baker can fairly or appear to fairly preside over this case while I serve as Plaintiff's counsel, and I submit this affidavit in support of Plaintiff's request that he be recused pursuant to 28 U.S.C. §§ 144 and 455.

17. I harbor serious concerns about whether I can receive a fair and impartial hearing in this case, in which I serve as lead counsel for Plaintiff, before a judge who has already initiated Bar-referral proceedings against me based on his own assessment of my professional integrity and fitness, who has disseminated that disciplinary narrative to multiple third-party lawyers and parties, and who chose to recuse himself from the *Kinchen* matter "to avoid

any appearance of impropriety" while retaining jurisdiction over the disgorgement agreement with me.

18. I believe that an objective, disinterested observer, fully informed of the circumstances described above, would entertain a significant doubt about Judge Baker's impartiality in this case and would reasonably question whether he can fairly and dispassionately assess my credibility, conduct, and advocacy on behalf of Plaintiff Notorian Queyarn Jones.

19. I make this affidavit in good faith and not for purposes of delay. I believe that the facts set forth herein are true and accurate to the best of my knowledge, information, and belief, and that they demonstrate personal bias or prejudice on the part of Chief Judge Baker that warrants his recusal from this matter pursuant to 28 U.S.C. §§ 144 and 455.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

_____
PIERRE IFILL
Affiant

Sworn to and subscribed before me

this 20th day of __April__, 2026.

Notary: _NyQeria Delasbour_

My Commission Expires: 3/26/2028