**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

NOTORIAN QUEYARN JONES,

     Plaintiff,

     v.

TRANSX LTD; and JASPRETT SINGH,

     Defendants.

CIVIL ACTION NO.: 4:26-cv-038

**O R D E R**

Mr. Pierre Ifill, counsel for Plaintiff Notorian Queyarn Jones, has moved to recuse the Undersigned from presiding over this matter pursuant to 28 U.S.C. §§ 144 and 455 (hereinafter the "Motion"). (Doc. 14.) Mr. Ifill requests that the Court refer this Motion to another judge. (Id. at p. 1.) While the Undersigned may be authorized to rule on this Motion,[1] to promote the utmost confidence in the Court and all its decisions, the Undersigned **REFERS** the Motion to the

---

[1] Mr. Ifill seeks disqualification based on Section 144 and, alternatively, Section 455. (See doc. 14.) Section 144 explicitly permits the transfer of a disqualification motion to a judge other than the challenged (presiding) judge. 28 U.S.C. § 144. Section 455, however, does not explicitly permit the transfer of a disqualification motion and, as a result, some courts have held that a motion to disqualify a district judge under that section must be decided by the very judge whose disqualification is sought. See, e.g., Cohee v. McDade, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006). Other courts, however, have held that nothing in Section 455 precludes a judge from transferring a motion to disqualify so that it may be decided by another judge. See, e.g., United States v. Craig, 853 F. Supp. 1413, 1414–15 (S.D. Fla. 1994). Referral is particularly appropriate here because there appear to be no facts necessary for ruling on the Motion that are uniquely within the Undersigned's knowledge. The Undersigned has a copy of the letter the Undersigned sent to the General Counsel of the State Bar of Georgia the Motion purports to summarize. To ensure a complete record, the Undersigned will attach a copy of that letter to this Order and **DIRECTS** the Clerk of Court to file it in a **RESTRICTED** manner where only the Court and counsel for the parties in this action can access it. To the extent that the Undersigned, as presiding judge, must pass judgment on the Motion's arguments for recusal, the Undersigned harbors no bias, prejudice, or ill will towards Plaintiff or Plaintiff's counsel and knows of no reason why he could not impartially preside over this case. See, e.g., United States v. Mendoza, 468 F.3d 1256, 1261–63 (10th Cir. 2006) (district judge not disqualified from presiding over case where judge previously referred party's counsel to attorney disciplinary committee).

Honorable Lisa Godbey Wood for determination. In making this referral, the Undersigned expresses no conclusion about whether any of the arguments for recusal are accurate or sufficient.

At this time, the Undersigned will remain the presiding judge and only the Motion, (doc. 14), and any pleadings related to that Motion will be referred to Judge Wood. The Motion requests "that all proceedings on the merits in this matter be stayed pending" the ruling on the request for recusal. (Id. at p. 22.) The Court will not stay this case at this time given that the parties are in discovery, discovery motions are typically ruled on by the Magistrate Judge, and Mr. Ifill has not sought the assigned Magistrate Judge's recusal. Dispositive motions will likely not be filed until January 2027. (See doc. 10.) Should the parties file a motion needing a district judge's attention before a ruling is issued on the request for recusal, the Court will address the need for district judge assignment at that time.

**SO ORDERED**, this 21st day of April, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2